UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  3:20-CR-23 DRL |
| | ) | |
| SHANELL MEDINA-HIPOLITE | ) | |
|     Defendant. | ) | |

# MOTION TO SUPPRESS

Defendant, Shanell Medina-Hipolite, by his attorney Scott J. Frankel, Staff Attorney, Federal Community Defenders, Inc., respectfully moves this Honorable Court to suppress all evidence seized in violation of Mr. Medina-Hipolite's Fourth Amendment rights.  Mr. Medina-Hipolite brings this motion pursuant to the Fourth Amendment of the United States Constitution and Rules 12(b)(3) and 47 of the Federal Rules of Criminal Procedure.

By this motion, Mr. Medina-Hipolite moves to suppress all items seized as a result of the unlawful search, and all other fruits of the illegal search, including any statements to law enforcement. In further support of this motion, Mr. Hipolite submits the following.

**Factual Background**

On October 10, 2019 at 10:50 a.m., Hobart Police Officer Brian TayIor, was working the DEA funded enforcement effort on behalf of the Hobart Police Department. While working in an unmarked police car but in full uniform, Officer Taylor stopped a car driven by Shanell Medina-Hipolite on Interstate 90, westbound.  Officer Taylor was eastbound on Interstate 90 when he

1

allegedly observed the car Mr. Medina-Hipolite was driving in the opposite lanes, following a truck at an unsafe distance. Officer Taylor's dash cam video does not start until after Mr. Medina-Hipolite's white car had already been stopped.

Officer Taylor ordered Mr. Medina-Hipolite from his car under the pretext of writing him a traffic warning.  Officer Taylor engaged Mr. Medina-Hipolite in casual conversation, which was difficult, because Mr. Medina-Hipolite clearly struggled to understand Officer Taylor, and he also struggled to express himself in the English language as he is a Spanish speaking person. The officer found Mr. Medina-Hipolite's responses to his questions to be inconsistent and also different from what the passenger of the car told the officer.  Nevertheless, these small inconsistencies purportedly served as the officer's justification for searching the white car Mr. Medina-Hipolite had been driving when he was pulled over.

During the search, Officer Taylor found marijuana in the car, and Mr. Medina-Hipolite along with the passenger were placed in handcuffs. Officer Taylor then conducted a thorough search of the car.  During the search, Officer Taylor found a white substance that is alleged to be fentanyl by the government. In addition, Mr. Medina-Hipolite, when confronted with the fruits of Officer Taylor's search of the car, made admissions that will be used as evidence against him in this case.

**Legal Discussion**

There was no probable cause to stop Shanell Hipolite-Medina's car. The conduct of Mr. Hipolite-Medina prior to his detention and the search of the car did not create probable cause that Mr. Hipolite-Medina was engaged in criminal activity. The officer allegedly detained Mr. Hipolite-Medina because of a routine traffic violation, but according to the DEA report describing the officer's report of the stop, which was prepared based on Officer Taylor's oral report to DEA Task Force Officer Andres Bustos, no traffic offense occurred because Officer Taylor saw a black SUV tailgating another vehicle, and Mr. Hipolite-Medina was driving a white car.

The Fourth Amendment of the United States Constitution guarantees the right of persons to be secure from unreasonable searches and seizures of their persons, houses, papers and effects. The Fourth Amendment is implicated in this case because stopping an automobile and detaining its occupants constitute a "seizure" within the meaning of the Fourth Amendment. *United States v. Martinez-Fuerte*, 428 U.S. 543, 556–558, 96 S.Ct. 3074, 3082–3083, 49 L.Ed.2d 1116 (1976); *United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 2578, 45 L.Ed.2d 607 (1975); *Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968).

While Fourth Amendment violations are always serious, courts have routinely overlooked Fourth Amendment violations as technical, finding multiple reasons to deny motions to suppress based on exceptions to search and seizure protections. However, the permissive approach of courts toward improper police behavior has had the effect of creating a permissive environment for police misconduct, which has resulted in excessive and dangerous behavior by law enforcement actors.  This is because law enforcement officers generally understand that most excessive conduct

will be condoned by the courts.

Even if a traffic violation did occur in this case, the alleged violation did not give the officer a legal basis to detain the defendant beyond a temporary investigative stop, and no longer than was necessary to effectuate the purpose of the stop. The Exclusionary Rule prohibits the introduction into evidence of the direct and indirect products of unreasonable searches and seizures. An investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop, which in this case was a minor traffic violation (tailgating) which rarely goes punished. *See Illinois v. Caballes*, 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005).

"While a Terry stop may be constitutionally permissible initially, it may become an impermissible 'seizure if it occurs over an unreasonable period of time or under unreasonable circumstances.'" *U.S. v. Davis*, 430 F.3d 345, 354 (6th Cir. 2005) (*citing U.S. v. Orsolini*, 300 F.3d 724, 729-30 (6th Cir.2002).

In *Caballes* police officers stopped a suspect based on probable cause to believe that he was speeding. *Id.* at 836–37. The defendant was detained for 10 minutes while one officer wrote him a warning citation and another walked a drug sniffing dog around the car. *Id.* at 836. In analyzing whether the defendant was illegally detained during the encounter, the Court announced the rule that: "A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." *Caballes*, 125 S.Ct. at 837 (emphasis added).

In this case, Mr. Hipolite-Medina was ordered out of his car, interrogated under false pretenses, hand-cuffed and detained well beyond the time necessary to

4

write a warning ticket for a rarely enforced tailgating violation. Respectfully, based on the law and the facts, this motion to suppress should be granted.

### Request for Relief

WHEREFORE, defendant, Shanell Medina-Hipolite respectfully requests that this Court grant the foregoing Motion to Suppress, suppress from evidence all items seized as a result of the illegal search, as well as all fruits of the illegal search including any allegedly inculpatory statements made by Mr. Medina-Hipolite that were obtained as a result of the illegal search.

Respectfully submitted,

Northern District of Indiana
Federal Community Defenders, Inc.

By: s/ Scott J. Frankel
Scott J. Frankel, Staff Attorney
130 S. Main Street, Suite 300
South Bend, IN 46601
Phone: (574) 245-7393
Fax: (574) 245-7394
eMail: scott_frankel@fd.org